John D. Bennett, S.
This is a proceeding- under section 231-a of the Surrogate’s Court Act in which the petitioner, "Wiliam T. Griffin, Esq., requests his fee to be fixed for services rendered by him to his clients, 9 of 12 nieces and nephews of the testator, erroneously referred to in the decision of this court dated July 14, 1960, as 9 of 12 nieces of the testator, to be paid from the funds payable to them from the estate.
This proceeding has been pending since October 13, 1960, and was adjourned 23 times since that date. The court is in receipt of a letter dated September 20, 1960, from Ivan E. Zumstein, one of the respondents herein, which contains statements by him in opposition to the fixing of the fee requested herein. Attached to this letter is a form of verification generally used in connection with the preparation of a petition. Petitioner herein has regarded the statements referred to as objections and has filed a reply affidavit thereto. The last adjourned date in this matter was December 27, 1961, at which time petitioner appeared by Benjamin Esberg, Esq., of counsel, and a hearing was waived by petitioner. No other person interested in this proceeding appeared at that time. On the same date, December 27, 1961, the court received a telegram from Ivan E. Zumstein to the effect that he had not had sufficient time to obtain counsel to represent him. On January 9,1962 the court received a letter dated January 4, 1962, from a firm of attorneys located in the State of Washington seeking information and pointing-out that respondent, Ivan E. Zumstein, had engaged counsel in several instances and did not want to make or could not make further expenditures for the purpose of having- counsel appear on his behalf.
*475 None of the respondents herein have appeared or objected to the relief sought in the petition except Ivan E. Zumstein. He has never filed a notice of appearance in this court nor has any notice of appearance been filed on his behalf. The Surrogate’s Court is a court of record. Practice in this court is governed by the Surrogate’s Court Act and the rules of this court. There seems to the court to be a growing tendency, on the part of litigants and counsel, to correspond with the court by telegrams and letters concerning the merits in pending cases. Such types of correspondence are not pleadings or memoranda and cannot be treated as such. In the present case the court will not adjourn this matter further over the objection of the petitioner.
With respect to the value of services rendered by petitioner on behalf of respondents, the court fixes the fee of petitioner ■for said services in the sum of $6,000, including $300 allegedly due under the retainer agreement, payable as follows: On the basis of the figures stated in the petition the sum of $1,500 is payable out of funds presently payable to respondents and a lien in the sum of $4,500 is granted to petitioner with respect to those funds alleged to be payable on the death of the life tenant if, as and when collected.